# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

SIXTO TESORERO,

    Plaintiff,

v.

INDEPENDENT SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____/

Removed from Circuit Court
of Osceola County, Florida
Case No: 2023-CA-000663-OC

## NOTICE OF REMOVAL

COMES NOW Defendant Independent Specialty Insurance Company, by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Osceola County, Florida, Case No.: 2023-CA-000663-OC, to the United States District Court for the Middle District of Florida based on the following:

1. This matter is a first-party insurance breach of contract dispute involving a homeowners' insurance policy.

2. On or about March 15, 2023, Plaintiff filed a Complaint against Defendant in the Circuit Court of Osceola County, Florida. *See Plaintiff's Complaint, attached hereto as "Exhibit A."*

3. In the Complaint, Plaintiff did not specify the total dollar amount of damages, stating only "this is an action for damages in excess of $50,000.00," exclusive of interest, attorney's fees, and costs." *Id.* at ¶ 1.

4. Additionally, Plaintiff's Complaint merely alleges only that he is a resident Osceola County, Florida, rather than alleging domicile in Florida or citizenship. *Id,* at ¶ 2.

5. Therefore, as originally filed, this action was not removable to federal court.

6. Defendant filed its Answer with Affirmative Defenses on April 20, 2023. *See Exhibit B – Defendant's Answer with Affirmative Defenses.*

7. In the exercise of due diligence, undersigned counsel reviewed the records of the Osceola County Property Appraiser, the official records of which are a public record of a governmental entity, of which the Court may take judicial notice. *See Exhibit C.*

8. The official records of the Osceola County Property Appraiser revealed that Plaintiff has not applied for and received a homestead exemption for the property at issue, therefore, there is no affirmation that the property is Plaintiff's permanent residence. *Id.*

9. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.' McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). And

domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .' Id. at 1258 (internal quotation marks omitted)." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

10. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added)

11. Defendant issued Plaintiff its Request for Admission for Federal Diversity Jurisdiction and Interrogatories on April 28, 2023. *See Exhibit D.*

12. Plaintiff's responses to Defendant's Request for Admission for Federal Diversity Jurisdiction and Interrogatories were due on or before May 29, 2023.

13. Pursuant to Fla. R. Civ. P. 1.370, failure to supply a timely response to a requests for admissions within 30 days results in a technical admission of requests.

14. Plaintiff filed a Motion for an Extension of Time to respond to Defendant's request on June 2, 2023. *See Exhibit E.*

15. Plaintiff filed his responses to Defendant's Request for Admission for Federal Diversity Jurisdiction and Interrogatories on June 26, 2023. *See Exhibit F.*

15. Plaintiff's responses to Defendant's Request for Admission for Federal Diversity Jurisdiction and Interrogatories indicate he is domiciled in Florida. *Id.*

16. Pursuant to Fla. R. Civ. P. 1.370, Plaintiff failed to admit, deny, or state that the information known or readily obtainable is insufficient to enable Plaintiff to admit or deny that Plaintiff is seeking more than Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorneys' fees and costs. *Id.*

17. Pursuant to Fla. R. Civ. P. 1.370, Plaintiff failed to admit, deny, or state that the information known or readily obtainable is insufficient to enable Plaintiff to admit or deny that Plaintiff is seeking more than Seventy-Five Thousand Dollars ($75,000.00) inclusive of attorneys' fees and costs. *Id.*

18. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

19. 28 U.S.C. § 1332(c)(1) provides in pertinent part a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

20. 28 U.S.C. § 1441(a) provides in pertinent part any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

21. Defendant is a foreign corporation with its place of incorporation and principal place of business in Dover, Delaware. *See "Exhibit G," Defendant's Foreign Corporation Annual Report.*

22. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446(3).

23. This Notice of Removal is being filed within thirty (30) days of service of Plaintiff's failure to respond to Defendant's Request for Admission for Federal Diversity Jurisdiction due on or before May 29, 2023.

24. This Notice of Removal is being filed within thirty (30) days of service of Plaintiff's Responses to Defendant's Request for Admission for Federal Diversity Jurisdiction received on June 26, 2023.

25. In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Osceola County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit H*.

26. A complete copy of all process, pleadings and orders in the Circuit Court of Osceola County, Florida in Case No.: 2023-CA-000663-OC, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit I- Index of Record.*

WHEREFORE, Defendant Independent Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida.

Date: June 27, 2023  Respectfully submitted,

By: */s/ Robert L. Williams, Jr.*
Robert L. Williams, Jr. (Fla. Bar No. 1002894)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida 32803
Telephone: (407) 284-4990
Email: rwilliams@rolfeshenry.com
pewing@rolfeshenry.com

Brian P. Henry, Esq. (Fla. Bar No. 0089069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida 34240
Telephone: (941) 684-0100
Email: bhenry@rolfeshenry.com
kmcclintock@rolfeshenry.com

*Attorneys for Defendant*
*Independent Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been

served by automatic service by the Court's e-filing system, on this 27th day of June 2023:

Kenneth R. Duboff, Esq.
Duboff Law Firm
680 NE 127 Street
North Miami, Florida  33161
Telephone: 305-899-0085
Email:	courtdocument@dubofflawfirm.com

*Attorneys for Plaintiff*

                                                 */s/ Robert L. Williams Jr.*
                                                 Robert L. Williams Jr.