# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SIXTO TESORERO,**

        **Plaintiff,**

v.    Case No: 6:23-cv-1194-PGB-LHP

**INDEPENDENT SPECIALTY INSURANCE COMPANY,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Sixto Tesorero's ("**Plaintiff**") Motion for Remand (Doc. 9 (the "**Motion**")) and Defendant Independent Specialty Insurance Company's ("**Defendant**") response in opposition (Doc. 14 (the "**Response**")). Upon consideration, the Motion is due to be denied.[1]

## I.    BACKGROUND

This case stems from an alleged breach of a homeowner's insurance policy contract. (Doc. 1-1 (the "**Complaint**")).

About a year ago, a hurricane allegedly resulted in Plaintiff suffering a covered loss to his "property located at 2331 Hidden Lake Street, Kissimmee, Florida 34741" (the "**Property**"). Prior to filing suit, on February 24, 2023, a pre-

---

[1] In addition to remand, Plaintiff requests the Court award respective attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (Doc. 9, pp. 7–8). However, the Court denies Plaintiff's request for associated attorney's fees and costs as it is unwarranted here.

suit notice of an intent to initiate litigation was sent to Defendant that included a detailed estimate of $271,211.54 in damages. (Docs. 9-1, 9-2 (collectively, the "**Notice & Estimate**")). Further, Defendant was provided a sworn proof of loss based on the aforementioned estimate. (Doc. 9-3 (the "**SPOL**")).

Ultimately, On March 15, 2023, Plaintiff filed its initial Complaint in state court requesting "in excess of $50,000.00" from Defendant for "failing [to] pay the full amount of insurance benefits" Plaintiff was owed as a result of the loss. (Doc. 1-1, ¶¶ 1, 9). With regards to citizenship, Plaintiff indicated he was "a resident of [Osceola County]" and Defendant "was and is an [authorized] insurance corporation doing and/or transacting business in [Osceola County]." (*Id.* ¶¶ 2–4).

Eventually, Defendant issued Plaintiff its Request for Admissions and Interrogatories. (Doc. 1, ¶ 11; Doc. 1-4). On June 26, 2023, Plaintiff filed his respective responses. (Doc. 1, ¶ 15; Doc. 1-6). Therein, Plaintiff indicated he was domiciled in Florida. (Doc. 1-6). However, with regards to admitting that the amount Plaintiff was seeking exceeds $75,000, Plaintiff "admit[ed] only that the Complaint speaks for itself and den[ied] . . . all other inferences contained herein." (*Id.*; *see* Doc. 1, ¶¶ 16–17). Accordingly, on June 27, 2023, Defendant removed the action to this Court. (Doc. 1-1). Shortly thereafter, Plaintiff moved for remand, arguing removal was untimely. (Doc. 9). Defendant responded (Doc. 14), and the matter is ripe for review.

2

## II.     STANDARD OF REVIEW

28 U.S.C. § 1441(a) allows a defendant to remove a civil action from state court to federal district court where the basis for the underlying claim is federal question jurisdiction or diversity jurisdiction. *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018).

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). If the plaintiff does not plead a specific amount of damages, the removing defendant bears the burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208–09 (11th Cir. 2007); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

Pursuant to 28 U.S.C. § 1446(b)(1), the removing defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable," then the removing defendant may file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

3

Because removal from a state court constitutes an infringement upon state sovereignty, the district court must construe the removal requirements strictly, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.  DISCUSSION

Notably, the parties do not dispute that Plaintiff's responses to Defendant's Request for Admissions demonstrate the existence of diversity jurisdiction.[2] Instead, Plaintiff's sole argument is that the case should be remanded because removal was untimely. (*See* Doc. 9, pp. 5–6). Specifically, Plaintiff contends that "[t]here is no doubt that Defendant was aware" that the amount in controversy exceeded $75,000 *prior* to the lawsuit being filed upon receipt of the Notice & Estimate and SPOL. (*See id.* at p. 6).[3] Accordingly, Plaintiff argues that the 30-day time period for removal began the day the suit was served, and since more than 30 days had passed, removal was improper under 28 U.S.C. 1446(b)(3). (*Id.* at pp. 5–6).

---

[2] Accordingly, the court tailors its discussion to the issue at hand: the timeliness of removal. In any event, considering the papers before it, the Court finds not only was removal timely but also diversity jurisdiction exists.

[3] Plaintiff also argues that "[i]t was similarly clear that the insured was domiciled in Florida as he resided in the insured property (as evidenced by the type of policy Defendant issued to him) and had a driver's license from Florida (as evidenced by the sworn proof of loss)." (Doc. 9, p. 6). Considering the Court finds the amount in controversy only became apparent for purposes of removal upon receipt of the interrogatory responses, the Court need not address whether Defendant knew or should have known Plaintiff's citizenship from allegations in the Complaint. (Doc. 1-1, ¶ 2 (indicating Plaintiff was "a resident of [Osceola County]")). Citizenship is merely one prerequisite for diversity jurisdiction.

Under 28 U.S.C. § 1446(b)(3), when a "case stated by the initial pleading is not removable," the removing defendant may then file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Although the Eleventh Circuit has not yet decided the issue, "[e]very court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge . . . to decide triggering of the 30-day removal period has held no." *Sullivan v. Nat'l Gen. Ins. Online, Inc.*, No. 17-CV-1387, 2018 WL 3650115, at *6 (M.D. Fla. Apr. 17, 2018) (collecting cases).

Moreover, various district courts within the Eleventh Circuit have shared the same sentiment. *See, e.g.*, *Farrey's Wholesale Hardware Co. v. Zurich Am. Ins. Co.*, No. 16-23956-CIV, 2016 WL 7437939, at *1 (S.D. Fla. Dec. 27, 2016); *MIR Convenience Store, Inc. v. Century Sur. Co.*, No. 14-60425-CIV, 2014 WL 2118878, at *2 (S.D. Fla. May 21, 2014) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)) (noting that the Fifth Circuit explained "[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading"); *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 609-CV-1711-ORL31DAB, 2009 WL 4855700, at *1 (M.D. Fla. Dec. 10, 2009); *Thompson v. Columbia Sussex Corp.*, No. 16-CV-435-FTM-29CM, 2016 WL 6134868, at *1–2 (M.D. Fla.

5

Oct. 21, 2016) ("What [d]efendant knew or should have known prior to receiving the Complaint is irrelevant in determining whether removal was timely . . . .").

Accordingly, this Court will follow suit—for information contained in an "other paper" to start the 30-day removal clock under § 1446(b)(3), a defendant must receive the "other paper" *after* service of the initial pleading.[4] In other words, information in a document received before a case is filed cannot serve as "other paper" that triggers the 30-day removal period. Such a rule barring pre-suit documents from triggering the 30-day removal period prevents defendants from being "forced to 'guess as to an action's removability, thus encouraging premature, and often unwarranted, removal requests.'" *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013) (quotation omitted).

Here, Defendant undisputedly received the Notice & Estimate, along with the SPOL, before Plaintiff filed suit. (Docs. 9, 14). As other courts have pointed out, the fact that Defendant was provided "a pre-suit written damages estimate does not matter. What matters, rather, is when Defendant could first have intelligently ascertained that this case was removable after receipt of Plaintiff's complaint." *MIR*, 2014 WL 2118878, at *2. Accordingly, in the case at bar, persuasive precedent makes clear that Defendant's first opportunity to ascertain

---

[4] Not to mention, the Court notes that Plaintiff failed to cite any contrary authority. (*See* Doc. 9, pp. 5–6). Plaintiff merely recited various reasons why courts should strictly construe the removal deadline, none of which apply in the case at bar. (*Id.* at p. 5 n.2). Defendant promptly removed this case upon the first instance in which Plaintiff would not "admit, deny, or state that the information known or readily obtainable is insufficient to enable Plaintiff to admit or deny that Plaintiff is seeking more than Seventy-Five Thousand Dollars." (Doc. 1, ¶¶ 16–17). Thus, Plaintiff has neither garnered "an undeserved tactical advantage" nor simply waited to see how it would fare in state court before deciding to remove.

that this suit was removable was on June 26, 2023, when Plaintiff filed his responses to Defendant's Request for Admissions. (Docs. 1, 9, 14). The next day, Defendant removed the case. (Doc. 1). As such, Defendant's removal was timely, and remand is not warranted.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 15, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7